IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

D'ANDRE R. ROGERS, et al.,            )
                                      )
            Plaintiffs,               )
                                      )
      v.                              )   Civ. No. 22-596-GBW
                                      )
WARDEN TRUMAN MEARS, et al.,          )
                                      )
            Defendants.               )

## MEMORANDUM OPINION

D'Andre R. Rogers, Evan T. Dayton, Jerry McGinnis, Jason A. Kashner, and La'Teef Dickerson, Sussex Correctional Institution, Georgetown, Delaware. *Pro Se* Plaintiffs.

November 14, 2022
Wilmington, Delaware

**WILLIAMS, U.S. District Judge:**

## I.      INTRODUCTION

Plaintiffs D'Andre R. Rogers, Evan T. Dayton, Jerry McGinnis, Jason A.

Kashner, and La'Teef Dickerson ("Plaintiffs"), all inmates at Sussex Correctional

Institution ("SCI"), filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 2)  They

appear *pro se* and have been granted leave to proceed *in forma pauperis*.  Rogers

has filed a request for counsel (D.I. 5)  This Court proceeds to screen the

Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

## II.     BACKGROUND

Plaintiffs are housed at SCI.  Rogers authored the Complaint and was the

only person who signed the original complaint.  (D.I. 3)  Later, in compliance with

the Court's June 21, 2022 Order, the other Plaintiffs submitted signed copies of the

Complaint.  (D.I. 31, 32, 33, 34)

Rogers has a lung condition.  (D.I. 3 at 8)  He alleges that the showers inside

SCI's Medium Building have had continuous mold problems since August 3, 2020.

(*Id.* at 6)  In July 2020, Rogers asked for bleach to clean the showers, and

Defendant Sgt. Rodney Hudson refused his request.  (*Id.*)  Rogers did not know the

cause of his shortness of breath and, around June 2021, he fainted and had an

---

[1] Inmate Darnell Seeney was dismissed as a plaintiff.  (*See* D.I. 43)

asthma attack. (*Id.*) The prison power-washed and painted the shower. (*Id.*) Rogers informed the American Correctional Association about the mold problem and in August/September 2021, ACA personnel came to SCI and were met by Defendants Captain Niblett, Hudson, and Lt. Bates who said it "was nothing". (*Id.*) Rogers suffered another asthma attack in December 2021, took some mold samples, and sent them to OSHA for testing and the results came back as black mold. (*Id.*)

In the meantime, Rogers submitted several grievances. During a grievance hearing in January 2022, Bates threatened Rogers with lying about the mold. (*Id.* at 7) The grievance was upheld by all three boards. (*Id.*) Rogers alleges retaliation by Niblett, Maans, Bates, and Hudson who wrote Rogers up for being unable to work in the kitchen.[2] (*Id.* at 9)

Rogers alleges that, as a result of his grievances, Defendant Warden Mears informed him that he hired an outside contractor to take care of the showers. (*Id.*) Rogers later found out that there were no outside contractors. (*Id.*) In January/ February, an inmate worker sprayed the showers and floors with an orange solution and was to follow that with power washing in March 2022 - but he did not. (*Id.*)

---

[2] The Court cannot discern from this allegation who actually wrote up Rogers.

Rogers, who is on a lung transplant list, alleges that his lungs have been weakened by the refusal of Mears, Maans, Bates, Niblett, Wise, Hudson, and Beck to do anything about the mold/black mold conditions in the Medium Building shower area. (*Id.* at 8) Rogers alleges that Defendant Clayton Morgan is aware of the problem. (*Id.*)

Rogers seeks compensatory and punitive damages.

## III.  LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiffs proceed *pro se*, their pleading is liberally construed and their Complaint, "however inartfully

pleaded, must be held to less stringent standards than formal pleadings drafted by

lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim.

*See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. Apr. 27, 2020) (quoting *Neitzke*

*v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*,

293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it

depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or

"fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d at 374

(quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-

28).

The legal standard for dismissing a complaint for failure to state a claim

pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard

used when deciding Federal Rule of Civil Procedure 12(b)(6) motions. *See*

*Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ.

P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).

However, before dismissing a complaint or claims for failure to state a claim upon

which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§

1915 and 1915A, the Court must grant a plaintiff leave to amend his complaint

unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the

5

elements the plaintiff must plead to state a claim; (2) identify allegations that,

because they are no more than conclusions, are not entitled to the assumption of

truth; and (3) when there are well-pleaded factual allegations, assume their

veracity and determine whether they plausibly give rise to an entitlement to relief.

*See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *see also*

*Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is

plausible will be a "context-specific task that requires the reviewing court to draw

on its judicial experience and common sense." *Id.*

## IV.   DISCUSSION

### A.   Failure to State a Claim

Dayton, McGinnis, Kashner, and Dickerson are named as Plaintiffs in the

caption of the Complaint. They are not mentioned in the Complaint and there are

no allegations they were harmed by any action or inaction by Defendants.

To prevail on a § 1983 claim, a plaintiff must show that a person (or

persons), acting under color of law, deprived him of a constitutional right. *Parratt*

*v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v.*

*Williams*, 474 U.S. 327 (1986); *Thomas v. Tice*, 943 F.3d 145, 149 (3d Cir. 2019).

The foregoing Plaintiffs do not state any claims against any named defendant.

They will be dismissed from the action and will be given leave to amend.

B.    Conditions of Confinement

Rogers alleges that Mears, Maans, Bates, Niblett, Wise, Hudson, and Beck

deliberately refused to do anything about the mold/black mold conditions in the

Medium Building shower area causing Rogers physical harm.  (D.I. 3 at 8)  The

Eighth Amendment "prohibits any punishment which violates civilized standards

and concepts of humanity and decency." *Young v. Quinlan*, 960 F.2d 351, 359 (3d

Cir. 1992), superseded by statute on other grounds as stated in *Nyhuis v. Reno*, 204

F.3d 65, 71 n.7 (3d Cir. 2000) (citations omitted).

To prevail against prison officials on a claim that an inmate's conditions of

confinement violated the Eighth Amendment, the inmate must meet two

requirements: (1) the deprivation alleged must be, objectively, sufficiently

serious," and (2) the "prison official must have a sufficiently culpable state of

mind." *Farmer v. Brennan*, 511 U.S. 825, 834, (1994) (internal quotation marks

and citations omitted). The first element is satisfied when an inmate is deprived of

"the minimal civilized measure of life's necessities." *Wilson v. Seiter*, 501 U.S.

294, 299 (1991). The second element is satisfied when an inmate shows that prison

officials acted with deliberate indifference to the inmate's health or safety or

conditions of confinement that violated the inmate's constitutional rights. *Id.* at

302-03.

7

When considering whether conditions of confinement violated the Eighth

Amendment, courts recognize that "the Constitution does not mandate comfortable

prisons, and prisons . . . which house persons convicted of serious crimes, cannot

be free of discomfort." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). "To the

extent that such conditions are restrictive and even harsh, they are part of the

penalty that criminal offenders pay for their offenses against society." *Id.* at 347.

The Complaint adequately alleges conditions of confinement claims against

Mears, Niblett, Bates, and Hudson.  As to Beck, Wise, Maans, and Morgan, the

claims against them are plead in a conclusory manner without factual support of

their actual knowledge of the mold/black condition.  The conditions of

confinement claims against Beck, Wise, Maans, and Morgan will be dismissed.

Plaintiffs will be given leave to amend the claim the conditions of confinement

claims.

### C.    Retaliation

Rogers alleges retaliation by Niblett, Maans, Bates, and Hudson.  In order to

establish a retaliation claim a plaintiff must allege that: (1) his conduct was

constitutionally protected; (2) he suffered an adverse action at the hands of prison

officials; and (3) his constitutionally protected activity was a substantial or

motivating factor in the decision to discipline him. *See Watson v. Rozum*, 834 F.3d 417, 420 (3d Cir. 2016).

Rogers alleges that he submitted a grievance and Bates, who held the hearing, threatened to write-up Rogers for lying about the mold. Rogers prevailed on his grievance. The Complaint fails to state a retaliation claim against Bates. While Rogers engaged in a constitutionally protected act, there are no allegations that he suffered an adverse action as a result of doing so. Bates may have threated to write-up Rogers, but there are no allegations that he did.

Nor does the Complaint state retaliation claims against Niblett, Maans, and Hudson. The Complaint alleges their retaliation in a conclusory manner without any supporting facts. Nothing supports the retaliation claim.

The retaliation claims will be dismissed for failure to state claims upon which relief can be granted. Plaintiffs will be given leave to amend.

### D.     Request for Counsel

The Court will grant Rogers' request for counsel. (D.I. 5)

### V.     CONCLUSION

For the above reasons, the Court will: (1) grant Rogers' request for counsel (D.I. 5); (2) dismiss Plaintiffs Evan T. Dayton, Jerry, McGinnis, Jason A. Kashner, and La'Teef Dickerson, and all claims raised against Defendants by Rogers except

the conditions of confinement claims raised against Defendants Warden Truman

Mears, Captain Joshua Niblett, Lieutenant Kevin Bates, and Sergeant Rodney

Hudson, as frivolous and for failure to state a claim upon which relief may be

granted pursuant 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) and 1915A(b)(1).  Plaintiffs

will be given leave to file an amended complaint.

An appropriate Order will be entered.